UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY P. MANKINI, <br><br> Petitioner, <br><br> vs. <br><br> PAT L. VASQUEZ, <br><br> Respondent. | No. 2:16-cv-2871-JAM-EFB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Petitioner challenges a judgment of conviction entered against him on May 10, 2013 in the Superior Court of Solano County on charges of digital penetration of a child who was ten years of age or less in violation of Cal. Penal Code § 288.7(b) and oral copulation with the same child in violation of the same section and subdivision. He seeks federal habeas relief on the following grounds: (1) the trial court erred in instructing the jury that digital penetration pursuant to Cal. Penal Code § 288.7(b) is a crime of general rather than specific intent; and (2) the trial court's instruction pursuant to CALCRIM No. 1128 violated his due process rights insofar as it allowed the jury to find him guilty based on either digital penetration or penetration with an unknown object when there was no evidence of the latter. For the reasons discussed below, petitioner's application for habeas corpus relief must be denied.

## I. Background

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the First Appellate District provided the following factual summary:

> Defendant was charged with three offenses: (1) digital penetration of a child who was 10 years of age or less, in violation of Penal Code section 288.7, subdivision (b) (count 1); (2) oral copulation of the same child, in violation of the same section and subdivision (count 2); and (3) committing a lewd act on a second child who was under the age of 14, in violation of section 288, subdivision (a) (count 3).
>
> The following evidence was presented at trial:
>
> In 2011 and early 2012, defendant lived with Regina C. and her three children, who were all under the age of 10. The victim in this case is Regina's oldest daughter who was 10 at the time of trial.
>
> Regina testified that on one occasion defendant called the child into the bedroom when Regina was on the bed. He asked the child to get on the bed and took off her pants and underwear. As the child lay on the bed between defendant and Regina, defendant put his mouth on the child's vagina. Defendant then suggested that Regina do the same, which she did. After this, defendant put his fingers inside the child's vagina. The child then got dressed and left the room, and Regina and defendant had sex.
>
> Regina also described a separate incident during which defendant called the child into the room, took off the child's pants and underwear and rubbed his penis "on [the child's] vagina." He said his penis "wouldn't fit." Regina claimed to have seen a couple of such incidents.
>
> Regina was arrested on April 17, 2012. She pled guilty to the crime involving her oral copulation of her daughter—a violation of Penal Code section 288, subdivision (a). As a result of her guilty plea, she will receive a six-year prison term.
>
> The victim testified that defendant orally copulated her "a lot of times." On one occasion defendant removed her underwear and licked her privates. After that, he tried to put his "private" in her. Defendant had his "private out" and was rubbing it "in [her] private." The victim confirmed that on one occasion her mother had touched her on her private with her (Regina's) mouth after defendant made Regina do it.
>
> When asked if defendant ever touched her private with any other body part other than his private and his mouth, the victim said no. When asked if defendant touched her privates with his finger or hand, the victim said no.

2

> The prosecutor played a videotape of an interview of the child made on April 17. The jury was provided a transcript of the interview during the playing of the videotape.
>
> In the interview, the child says that defendant put his tongue and his fingers "inside" her private. On this same occasion, Regina touched the victim's privates with her tongue. The victim said that defendant did this sort of thing to her all the time. She said that defendant would touch her "down there," put his tongue "down there," and put his private area "on her."
>
> Defendant denied the allegations and testified that he never molested the child.
>
> The jury found defendant guilty on counts 1 and 2, and not guilty on count 3 and on all lesser included offenses of that count. Defendant was sentenced to state prison for 30 years to life consisting of consecutive terms of 15 years to life for counts 1 and 2. Defendant filed a timely notice of appeal.

*People v. Mankini*, 2015 WL 3756171, at *1–2 (Cal.App. 1 Dist., 2015) (unpublished).

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1,5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision.

3

*Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

   A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

5

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

    **A.    The Trial Court's General Intent Instruction**

Petitioner claims that the trial court erred when it instructed that digitally penetrating a victim pursuant to Cal. Penal Code § 288.7(b) was a crime of general intent. ECF No. 1 at 5.[2]

---

[2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

This claim was presented on direct appeal and the court of appeal rejected it, reasoning:

> Defendant was charged in count 1 with digitally penetrating the victim, in violation of section 288.7, subdivision (b). The jury was instructed pursuant to CALCRIM No. 252 that the offense charged in count 1 is a general intent crime: "The crimes charged in counts 1, 2 and 3 require proof of the union, or joint operation, of act and wrongful intent. [¶] The following crimes require general criminal intent: sexual penetration of child under 10 as charged in count 1, oral copulation of child under 10 as charged in count 2, and battery, a lesser crime of lewd act on a child under 14 as charged in count 3. For you to find a person guilty of these crimes, that person must not only commit the prohibited act, but must do so with wrongful intent. A person acts with wrongful intent when he or she intentionally does a prohibited act; however, it is not required that he or she intend to break the law. The act required is explained in the instruction for that crime."
>
> The jury was instructed pursuant to CALCRIM No. 1128, on the elements of count 1 as follows: "The defendant is charged in count 1 with engaging in sexual penetration with a child under 10 years or younger.... [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant engaged in an act of ... sexual penetration with [the victim]; [¶] 2. When the defendant did so, [the victim] was 10 years of age or younger; [¶] 3. At the time of the act, the defendant was at least 18 years old. [¶] ... [¶] Sexual penetration means penetration, however slight, of the genital or anal opening of the other person or causing the other person to penetrate, however slightly, the defendant's or someone else's genital or anal opening or causing the other person to penetrate, however slightly, his or her own genital or anal opening by any foreign object, substance, instrument, device, or any unknown object for the purpose of sexual abuse, arousal, or gratification. [¶] ... [¶] An unknown object includes any foreign object, substance, instrument, or device, or any part of the body, including a penis, if it is not known what object penetrated the opening. [¶] A foreign object, substance, instrument, or device includes any part of the body except a sexual organ." Defendant was found guilty of sexual penetration.
>
> Defendant contends the above instructions were erroneous in two respects. First, defendant argues that the court erred in instructing the jury that the offense of sexual penetration is a general intent crime when it is actually a specific intent crime. (See *People v. McCoy* (2013) 215 Cal.App.4th 1510, 1538 ["[T]he crime of unlawful sexual penetration requires the specific intent to gain sexual arousal or gratification or to inflict abuse on the victim."]; *People v. Ngo* (2014) 225 Cal.App.4th 126, 161 ["sexual penetration of a child under 10 is a specific intent crime, requiring the jury to find the defendant penetrated the victim 'for the purpose of sexual arousal, gratification, or abuse.' "].) The Attorney General points out that at least one court has described the offense of sexual penetration as a general intent crime. (See *People v. Dillon* (2009) 174 Cal.App.4th 1367, 1380 ["[C]ontrary to the trial court's instruction under CALCRIM No. 252, forcible sexual penetration is

7

> a general intent crime.... [T]he mental state required to be found guilty of forcible sexual penetration is not the same as the specific intent to commit that crime."].) The Attorney General also argues, however, that the distinction is largely immaterial in this case because the jury was properly instructed that "in order to convict, the act of penetration must be accompanied by the intent to achieve sexual gratification." Therefore, any potential error, the Attorney General asserts, was not prejudicial because "[t]aking the jury instructions as a whole, it is not reasonably probable that the jury found appellant guilty of count one without determining that appellant had penetrated [the victim] for the purpose of sexual abuse, arousal, or gratification."
>
> We agree that any error with regard to the identification of count 1 as a general intent crime was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24.) The jury was instructed that defendant could be found guilty only if (1) he acted with wrongful intent in that he intentionally did the prohibited act (i.e., sexually penetrated victim) (CALCRIM No. 252), and (2) he performed the prohibited act for the purpose of sexual abuse, arousal, or gratification (CALCRIM No. 1128). According to defendant, the jury should have been instructed that defendant could be found guilty only if he intentionally committed the prohibited act (i.e., sexually penetrated victim) with a specific intent to do so for the purpose of sexual arousal, gratification, or abuse. We see little difference between the formulation given by the trial court and defendant's proposed instruction. "If we assume, as we must, that ' "the jurors [were] intelligent persons and capable of understanding and correlating all jury instructions ... given," ' " then we can only conclude that there is no reasonable likelihood they misapplied the instructions. (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1089, italics omitted.) There is no likelihood that the arguably erroneous instruction contributed in any manner to defendant's conviction.

*Mankini*, 2015 WL 3756171, at *2-3 (Cal.App. 1 Dist., 2015) (unpublished). Petitioner presented this claim to the California Supreme Court in his petition for review (ECF No. 14-1 at 125-131) which was summarily denied (*id*. at 144).

### 1. **Applicable Legal Standards**

Challenges to state court jury instructions are generally not cognizable on federal habeas review because they concern state law. *See Van Pilon v. Reed*, 799 F.2d 1332, 1342 (9th Cir. 1986) ("Claims that merely challenge the correctness of jury instructions under state law cannot reasonably be construed to allege a deprivation of federal rights."). A petitioner may obtain federal habeas relief for an erroneous state court jury instruction only where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."

8

*Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Id*. at 72-73.

As noted above, the reviewing state court determined that any error was harmless pursuant to the standard set out by *Chapman v. California*, 386 U.S. 18 (1967). As such, this court "may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (emphasis in original). To show that the determination was unreasonable, petitioner must demonstrate that it "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Id*. (internal quotation marks omitted).

### 2. **Analysis**

As noted above, the jury was instructed that it could only find petitioner guilty of count one if, pursuant to CALCRIM 252, he committed the prohibited act and did so with general criminal intent. ECF No. 14-5 at 178. The instruction specified that "[a] person acts with wrongful intent when he or she intentionally does a prohibited act; however it is not required that he or she intend to break the law." *Id*. As the court of appeal noted, CALCRIM 252 was given alongside CALCRIM 1128, which instructed that the prosecution had to prove that: (1) petitioner engaged in sexual penetration of the victim; (2) the victim was ten years or younger at the time of the crime; and (3) petitioner was at least eighteen years old at the time of the crime. *Id*. at 187. Critically, CALCRIM 1128 also provided the following definition of sexual penetration:

> Sexual penetration means penetration, however, slight, of the genital or anal opening of the other person or causing the other person to penetrate, however slightly, the defendant's or someone else's genital or anal opening or causing the other person to penetrate, however slightly, his or her own genital or anal opening by any foreign object, substance, instrument, device, or any unknown object *for the purpose of sexual abuse, arousal, or gratification*.

*Id*. (emphasis added).

/////

/////

9

In his petition for review to the California Supreme Court,[3] petitioner notes that the correct formulation would have instructed the jury that it could only find him guilty of count one if it found that he engaged in the prohibited act *with the specific intent* to sexually abuse, arouse, or gratify. ECF No. 14-1 at 125-126. His petition for review also argues that jurors could not have reconciled the general intent instruction in CALCRIM 252 with the definition of sexual penetration in CALCRIM 1128. *Id*. at 127.

Given the practical similarity of an instruction requiring a jury to find that a defendant committed sexual penetration *for the purpose* of sexual abuse, arousal, or gratification and one requiring that he had *specific intent* to do the same, this court cannot conclude that the court of appeal's *Chapman* analysis was unreasonable. *See Murtishaw v. Woodford*, 255 F.3d 926, 971 (9th Cir. 2001) (holding that the significance of an instructional omission may be evaluated in comparison with the instructions that were given). At the very least, there is clearly the possibility of fairminded disagreement as to the court of appeal's *Chapman* analysis, and that is sufficient to uphold it.

Additionally, the evidence of petitioner's guilt was substantial. *See Pulido v. Chrones*, 629 F.3d 1007, 1019 (9th Cir. 2010) (finding that strong evidence of a petitioner's guilt was sufficient to render instructional error harmless). There was ample evidence that petitioner had sexually penetrated the victim and that he did so for the purpose of sexual abuse, arousal, or gratification. ECF No. 14-2 (Reporter's Transcript) at 215-217; ECF No. 14-5 (Clerk's Transcript) at 257, 262. Finally, as respondent points out, petitioner's theory of the case rested on his complete denial of the victim's accusations rather than any question of intent. ECF No. 14-4 (Reporter's Transcript) at 103, 110.

Based on the foregoing, this claim should be denied.

/////

---

[3] The petition filed in this court does little more than announce petitioner's claims. ECF No. 1 at 5, 7. It does not delve into any substantive argument. Accordingly, the court looks to his petition for review to the California Supreme Court to determine what arguments might support his claims. *See United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (holding that federal district courts should construe pro se habeas petitions liberally).

### B. The Trial Court's CALCRIM 1128 Instruction

In a related claim, petitioner argues that the trial court's CALCRIM 1128 instruction violated his due process rights insofar as it allowed the jury to find him guilty based on either digital penetration or penetration with an unknown object, including a penis, when there was no evidence to support the latter. ECF No. 1 at 7. Petitioner raised this claim on direct appeal and the court of appeal rejected it, reasoning:

> Defendant also contends that his conviction on count one must be reversed because CALCRIM No. 1128 allowed the jury to find him guilty based on either digital penetration or penetration with an unknown object, including his penis, and there is no evidence to support his conviction for penetration with an unknown object. He argues, "The instruction should not have included any language about penetration with an unknown object or any suggestion that the statute could be violated by penetration with a penis. This is because this case does not involve penetration with an unknown object. The objects that penetrated [the victim] were known objects." The Attorney General concedes that "[t]he evidence consistently showed that [the victim] knew the nature of the foreign object, and thus, the instruction on when penetration by a penis can constitute the crime was not applicable."
>
> Defendant did not object to the instruction but argues that the court had a duty " 'to refrain from instructing on principles of law which not only are irrelevant to the issues raised by the evidence but also have the effect of confusing the jury or relieving it from making findings on relevant issues.' " (*People v. Saddler* (1979) 24 Cal.3d 671, 681.) The Attorney General argues that the instructional error was waived by defendant's failure to object. Defendant responds correctly that the court had a sua sponte duty to correctly instruct the jury on all elements of the charged offenses and general principles of law relevant to the issues raised by the evidence and no objection was required to preserve the issue for appellate review. (*People v. Breverman* (1998) 19 Cal.4th 142, 154.) Because there was no evidence to support liability based on penetration by an unknown object, the jury should not have been so instructed.
>
> "[G]iving an irrelevant or inapplicable instruction is generally '"only a technical error which does not constitute ground for reversal." ' " (*People v. Cross* (2008) 45 Cal.4th 58, 67.) In cases where a jury instruction is factually unsupported, "affirmance is the norm." (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129 ["If the inadequacy of proof is purely factual, of a kind the jury is fully equipped to detect, reversal is not required whenever a valid ground for the verdict remains."].) An error in giving a legally correct but irrelevant instruction requires reversal only if it is reasonably probable the defendant would have obtained a more favorable verdict absent the error. (*People v. Mills* (2012) 55 Cal.4th 663, 681, citing *Guiton*, supra, at p. 1130 ["The error of instruction on an inapplicable legal theory is reviewed under the reasonable

11

| | |
|---|---|
| 1 | probability standard of *People v. Watson* (1956) 46 Cal.2d 818, 836."].) |
| 2 | |
| 3 | "In determining whether there was prejudice, the entire record should be examined, including the facts and the instructions, the arguments of counsel, any communications from the jury during deliberations, and the entire verdict. [Citation] Furthermore, instruction on an unsupported theory is prejudicial only if that theory became the sole basis of the verdict of guilt; if the jury based its verdict on the valid ground, or on both the valid and the invalid ground, there would be no prejudice, for there would be a valid basis for the verdict.... [T]he appellate court should affirm the judgment unless a review of the entire record affirmatively demonstrates a reasonable probability that the jury in fact found the defendant guilty solely on the unsupported theory." (*People v. Guiton*, supra, 4 Cal.4th at p. 1130.) In *Guiton*, the court "hypothesize[d] a case in which the district attorney stressed only the invalid ground in the jury argument, and the jury asked the court questions during deliberations directed solely to the invalid ground" and observed that in such a case, a court "might well find prejudice. The prejudice would not be assumed, but affirmatively demonstrated." (*Id*. at p. 1129.) |

Here, the prosecutor argued in closing that the jury could rely on either digital or penile penetration to convict defendant, so long as they all agreed on one: "So what the jury instruction tells you is that for count 1—I'm going to break these down separately—that's a sexual penetration. It can be either with a penis or a finger, basically, in this case. There's no other foreign object." The prosecutor continued, "And let me just explain to you, the judge read you what we call a unanimity instruction. You can decide which one of those is the one that fits the crime. You don't have to tell us which one you decided. It can be the one with the penis. It could be the one with the finger. You're the decider of that. You just all have to decide that one of those events happened."

The record does not demonstrate a probability that the jury relied solely on the unsupported theory. In her videotaped interview, the victim testified that she was penetrated both digitally and by defendant's penis. At trial, she denied that defendant digitally penetrated her but testified that he penetrated her with his penis. Her mother, however, testified that the child was digitally penetrated in her presence, but not penetrated by defendant's penis. At no time did the victim testify that she was penetrated by an unknown object. As defendant concedes, based on the record before us it is impossible to determine on what theory of liability the jury relied. Accordingly, we must presume the jury properly followed the instructions and determined that because there was no evidence of penetration by an "unknown object" defendant's penetration of the victim with his penis could not support a guilty finding.

*Mankini*, 2015 WL 3756171, at *4–5. Petitioner presented this claim to the California Supreme Court in his petition for review (ECF No. 14-1 at 121-125) which was summarily denied (*Id*. at

144).

1. **Applicable Legal Standards**

Challenges to state court jury instructions are generally not cognizable on federal habeas review because they concern state law. *See Van Pilon v. Reed*, 799 F.2d 1332, 1342 (9th Cir. 1986) ("Claims that merely challenge the correctness of jury instructions under state law cannot reasonably be construed to allege a deprivation of federal rights."). A petitioner may obtain federal habeas relief for an erroneous state court jury instruction only where "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly." *Id.* at 72-73.

The United States Supreme Court has held that:

> Before a federal court may overturn a conviction resulting from a state trial in which [an allegedly faulty] instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.

*Cupp*, 414 U.S. at 141. Additionally, "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Id.* at 146-47.

2. **Analysis**

As the court of appeal noted, the prosecution told the jury that it could find petitioner guilty on digital or penile penetration so long as they all agreed completely on one or the other. ECF no. 14-4 (Reporter's Transcript) at 209. A finding on the latter theory would, pursuant to CALCRIM 1128, require the jury to find that the victim was penetrated by an unknown object. That instruction stated that "[a]n unknown object includes any foreign object, substance, instrument, or device, or any part of the body, including a penis, if it is not known what objected penetrated the opening." ECF No. 14-5 (Clerk's Transcript) at 187. The court of appeal found that the victim never testified that she was penetrated by an unknown object. This court, after an independent review of the record, agrees.

13

The jury did not, however, have to conclude that petitioner penetrated the victim with an unknown object in order to find him guilty of count one. As the prosecutor stated, they could also find him guilty based on digital penetration – a theory which was amply supported in the record. *See* ECF No. 14-2 (Reporter's Transcript) at 215-217; ECF No. 14-5 (Clerk's Transcript) at 257, 262. And nothing in the trial court's instructions required the jury to emphasize the irrelevant portion of CALCRIM 1128. Indeed, the trial court ensured that the jury was at liberty to disregard extraneous or irrelevant instructions when, pursuant to CALCRIM 200, it instructed:

> Some of these instructions may not apply, depending on your findings about the facts of the case. Do not assume just because I give a particular instruction that I am suggesting anything about the facts. After you have decided what the facts are, follow the instructions that do apply to the facts as you find them.

ECF No. 14-5 (Clerk's Transcript) at 169. This court, like the court of appeals, presumes the jury followed its instructions. *Zafiro v. United States*, 506 U.S. 534, 540 (1993). Petitioner has not presented any evidence to the contrary and, by extension, he has not shown that instructional error so infected his entire trial that the resulting conviction violated due process.

This claim should be denied.

**IV. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section

2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 24, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE